IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-00182-01-CR-W-BCW |
| MATTHEW E. MADDEN, | |
| Defendant. | |

**GOVERNMENT SUGGESTIONS IN OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT OF ACQUITTAL**

The United States hereby files these suggestions in opposition to defendant Matthew E. Madden's motion for judgment of acquittal (D.E. 28). Defendant moved for judgment of acquittal on the ground that 18 U.S.C. § 922(g)(3) is unconstitutionally vague both on its face and as applied to his conduct. Defendant, however, admitted that he committed that crime in his diversion agreement, which was admitted as Government's Exhibit 1 at trial. That admission dooms both his facial and as-applied challenges, and this Court should deny his motion without further consideration.

Madden admitted that he violated § 922(g)(3). In claiming that statute is void for vagueness, Madden now asserts that the statute's application is so indeterminate he could not tell whether his conduct would violate it. His prior admission that he committed the crime, however, directly contradicts such an assertion. Moreover, Eighth Circuit law requires defendants to first show that a statute is vague as applied to their conduct to make either facial or as-applied challenges to statutes on vagueness grounds. Madden simply cannot now claim that a statute he admitted to violating is vague as applied to his conduct. That he violated the statute was so clear

to him at the time of his diversion agreement, that he admitted he violated it. His present motion is barred by that prior, knowing, and voluntary admission in his diversion agreement.

Beyond Madden's effective waiver of this vagueness challenge by admitting he committed the crime; the substantive claims fail as well. The Eighth Circuit has held that the term "unlawful user" in § 922(g)(3) requires proof of active use of a controlled substance. Those holdings are based on the court's interpretation of the term "user," and do not implicate any separation of powers concerns. In addition, *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. ---, 142 S.Ct. 2111 (2022), says nothing about how to interpret the language of § 922(g)(3). Madden does not challenge § 922(g)(3) on Second Amendment grounds, rather his citation to *Bruen* is only to further an interpretation of the statute that ignores the statutory term "user" in advancing an interpretation based on contemporaneous "use." This Court is bound by Eighth Circuit precedent as to the meaning of § 922(g)(3), and Madden does not claim that he did not violate the statute as this Court is bound to construe it, dooming his motion for that ground as well.

Lastly, to the extent Madden challenges the sufficiency of the evidence for his conviction under *Rehaif v. United States*, 588 U.S. ---, 139 S.Ct. 2191 (2019), that claim fails as well. Madden admitted that he used marijuana daily for years. He makes no claim that the use was accidental, unknowing, or unintentional. The fact that he used by itself means he knew he used, which in turn satisfies *Rehaif*'s knowledge requirement. This Court should deny his motion.

## I. Background

A grand jury returned a one-count indictment charging defendant Matthew E. Madden with being an unlawful drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(2). (Indictment, *United States v. Madden*, No. 20-CR-00121-BCW, D.E. 8 (June 9, 2020).)

On March 2, 2022, defendant signed a pre-trial diversion agreement with the Government. (Gov. Exh. 1.) The agreement stated defendant had been "reported to have committed an offense

2

Case 4:22-cr-00182-BCW   Document 34   Filed 05/24/23   Page 2 of 13

against the United States in that on that date, you being an unlawful user of, or addicted to a controlled substance, i.e., marijuana, did knowingly possess, in and affecting commerce, a firearm, to wit: a Glock 22, .40 caliber semi-automatic handgun, bearing Serial Number LPB941, which had been transported in interstate commerce." (*Id.*, at 1.) The agreement stated the crime was "in violation of Title 18, United States Code, Section 922(g)(3) and 924(a)(2)." (*Id.*) The agreement further stated that, "Upon admitting that you committed this offense and accepting responsibility for your conduct by your signature on this Agreement," that the interests of justice would be served by a 12-month term of deferred prosecution. (*Id.*) Under the terms of that agreement, the Government dismissed the indictment without prejudice. (*See* Motion, *United States v. Madden*, No. 20-CR-00121-BCW, D.E. 55 (March 9, 2022).)

The agreement set out the conditions by which defendant had to abide and provided that should the Government determine defendant breached those terms, it can elect to resume the prosecution. (*Id.*, at 2-3.) If it did so, defendant "waive[d] [his] right to a jury trial on such charges, and consent[ed] and agree[d] that such charges shall be resolved through a stipulated facts bench trial." (*Id.*, at 4-6.) The stipulated facts, which were also contained in the agreement, stated as follows: "When asked about his use of marijuana MADDEN admitted he is a habitual user of marijuana and smokes approximately 1-2 marijuana cigarettes a day and has routinely smoked marijuana since he was five years old." (*Id.*, at 5-6.)

Defendant signed the agreement, verifying that he had read the agreement, consulted with his attorney about its terms, understood those terms, and "voluntarily agree to enter into this pretrial diversion agreement and agree I will comply with its conditions." (*Id.*, at 7.) Defendant's attorney also signed the agreement, verifying that she had explained defendant's rights under the agreement to him, that she had reviewed every term of the agreement with him,

and that "[t]o my knowledge, Mr. MADDEN's decision to enter into this pretrial diversion agreement is an informed and voluntary one." (*Id*.)

The Government determined that defendant breached his diversion agreement and reinitiated the prosecution, with a grand jury returning a new indictment for the same charge. (*See*, D.E. 1.) Per terms of his agreement, defendant proceeded to a bench trial under the facts stipulated to in his agreement. (D.E. 27.) The Government offered defendant's diversion agreement as Exhibit 1 and rested. (D.E. 26.) At that point, defendant filed the present motion for judgment of acquittal. (D.E. 28.) Although defendant's motion references *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. ---, 142 S.Ct. 2111 (2022), that motion does not argue that defendant's charge violated the Second Amendment. (D.E. 28, at 3, 6-10.) Rather the motion argues that 18 U.S.C. § 922(g)(3) "is unconstitutionally vague on its face and as applied to Mr. Madden." (*Id*., at 1.)

## II. Argument

### A. Defendant Cannot Claim that § 922(g)(3) is Vague Given His Prior Admission that he Violated the Statute.

Defendant argues that the term "unlawful user" in § 922(g)(3) is "is unconstitutionally vague on its face and as applied." (D.E. 28, at 1.) This Court, however, cannot reach defendant's facial vagueness challenge without resolving whether the statute is vague as applied to him, but in admitting that he committed the crime in his diversion agreement, defendant mooted any as applied challenge. Given his admissions, defendant's void for vagueness claim must fail.

Defendant may not challenge a statute as vague on its face unless he shows that it is vague as applied to him. *United States v. KT Burgee*, 988 F.3d 1054, 1060 (8th Cir. 2021) ("When reviewing for vagueness, we first determine if a statute is vague as applied to the defendant's conduct, and only if it is will we consider whether a statute is facially unconstitutional."); *United*

States v. Cook*, 970 F.3d 866 (7th Cir. 2020) (defendant not entitled to mount a facial vagueness challenge to § 922(g)(3) because he did not mount as-applied challenge); *United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016) (per curiam) ("Though Bramer need not prove that § 922(g)(3) is vague in all its applications, our case law still requires him to show that the statute is vague as applied to his particular conduct."); *cf. United States v. Turner*, 842 F.3d 602, 606 n.1 (8th Cir. 2016) ("Although a facial challenge to 18 U.S.C. § 922(g)(3) could be brought in a pretrial motion to dismiss, a panel of our court has held that criminal statutes challenged on non First Amendment grounds are not amenable to facial attacks." (citations omitted)); *United States v. Purdy*, 264 F.3d 809, 810 (9th Cir. 2001) ("Where, as here, a statute is challenged as unconstitutionally vague in a cause of action not involving the First Amendment, we do not consider whether the statute is unconstitutional on its face.").

This rule persists even after *Johnson v. United States*, 135 S.Ct. 2551 (2015). "*Johnson* did not alter the general rule that a defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge." *Cook*, 970 F.3d at 877 (citing *United States v. Westbrooks*, 858 F.3d 317, 325-26 (5th Cir. 2017) (collecting cases), *cert. granted & judgment vacated on other grounds*, 138 S.Ct. 1323 (2018)). Though *Johnson* did "put[] to rest the notion—found in any number of pre-*Johnson* cases—that a litigant must show that the statute in question is vague in *all* of its applications in order to successfully mount a facial challenge," *Cook*, 970 F.3d at 876 (footnote omitted) (citing *Johnson*, 135 S.Ct. at 2561), *Johnson* does not hold that a defendant can successfully defeat an indictment by showing that the statute might be vague as applied to some other hypothetical defendant where it clearly applies to him. *Id.* at 554. After *Johnson*, a defendant arguing that a statute is vague on its periphery—even if it has a core to which it clearly applies—must be standing on the periphery to do so.

5

Defendant's diversion agreement states that "by [his] signature on this Agreement," he was "admitting that [he] committed this offense and accepting responsibility for [his] conduct[.]" (Gov. Exh. 1, at 1.) Defendant, along with his attorney, signed the agreement and attested that he did so knowingly and voluntarily. (Gov. Exh. 1, at 7.) His agreement that he committed the crime charged moots any as applied challenge as he agreed that whether there may be persons on the periphery to whom there is doubt about whether the statute applied, he agreed that it applied to him. With that agreement, his challenges that the statute is void for vagueness became moot. *See Burgee*, 988 F.3d at 1060 ("[A] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." (cleaned up)).

Beyond his admission to committing the crime, defendant's factual stipulation provides sufficient evidence that defendant is guilty of violating § 922(g)(3). Under binding Eighth Circuit precedent, a violation of § 922(g)(3) requires proof that a defendant "was actively engaged in the use of a controlled substance during the time he possessed" the charged firearm. *United States v. Carnes*, 22 F.4th 743, 749 (8th Cir. 2022), *reh'g denied*, No. 20-3170, 2022 WL 540599 (8th Cir. Feb. 23, 2022), and *cert. denied*, 143 S.Ct. 370 (2022). As the Eighth Circuit clarified in *Carnes*, the proof that a defendant was an "unlawful user" requires proof of the defendant "actively engaging" in that conduct, but it does not require proof of use of "the controlled substance at the precise time he possessed the firearm" or proof "of regular use over an extended period of time." *Id.* at 748-49 (quotation omitted).

Here, Madden admitted all of the elements of the offense. He admitted that he knowingly possessed the gun and that the gun affected interstate commerce. (*See* Gov. Exh. 1, at 5-6.) He further admitted that "he is a habitual user of marijuana and smokes approximately 1-2 marijuana cigarettes a day and has routinely smoked marijuana since he was five years old." (Gov. Exh. 1,

at 5-6.) That evidence was sufficient to find Madden not only guilty of this offense, but within the heartland of conduct prohibited by § 922(g)(3), dooming his challenge to the statute as void for being unconstitutionally vague.

### B. *Section 922(g)(3) is not Unconstitutionally Vague Under Binding Eighth Circuit law.*

To the extent this Court considers it, Madden's claim also fails on the merits because § 922(g)(3) is not unconstitutionally vague. "A criminal statute is unconstitutionally vague in violation of the Fifth Amendment due process clause if it 'fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement.'" *Turner*, 842 F.3d at 604 (quoting *Johnson*, 135 S.Ct. at 2556). To provide notice, the statute must sufficiently define the crime so that ordinary people can determine what is prohibited. *United States v. Washam*, 312 F.3d 926, 929-30 (8th Cir. 2002). "In order to assist in determining whether an ordinance is unconstitutionally vague, courts traditionally have relied on the common usage of statutory language, judicial explanations of its meaning, and previous applications of the statute to the same or similar conduct." *Stephenson v. Davenport Cmty. Sch. Dist.*, 110 F.3d 1303, 1309 (8th Cir. 1997) (quotations omitted).

Section 922(g)(3) prohibits an "unlawful user" of a controlled substance from possessing a firearm. "The term 'unlawful user' is not otherwise defined in the statute, but courts generally agree the law runs the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and regular drug use." *United States v. Turnbull*, 349 F.3d 558, 561 (8th Cir. 2003), *vacated*, 543 U.S. 1099 (2005), *and reinstated*, 414 F.3d 942 (8th Cir. 2005). In *Turnbull*, the Eighth Circuit held that the district court did not abuse its discretion when it instructed the jury that the term "unlawful user" had the following definition, taken from Treasury regulations:

7

> A person who uses a controlled substance and has lost the power of self-control with reference to the use of controlled substance; and any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm or receives or possesses a firearm. An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time[.]

*Turnbull*, 349 F.3d at 561 (quoting 27 C.F.R. § 478.11). Surveying the Eighth Circuit's prior decisions, *Turnbull* concluded that "the Treasury Department's definition seems entirely consistent with any standard for unlawful use to be gleaned from our prior decisions." *Id.* at 562. If this Court reaches the question of the section 922(g)(3)'s alleged unconstitutional vagueness at all—and it should not—it should evaluate the statute in light of the limiting construction of *Turnbull* and subsequent cases.

The definition adopted by *Turnbull* gives sufficient notice about what is prohibited and prevents arbitrary enforcement: use of a controlled substance, other than as prescribed by a physician, that is sufficiently recent to show active use of the substance. These are common terms that ordinary people understand, and they are not unconstitutionally vague.

"The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding." *St. Croix Waterway Ass'n v. Meyer*, 178 F.3d 515, 520 (8th Cir. 1999) (quotation omitted); *see Weed v. Jenkins*, 873 F.3d 1023, 1030 (8th Cir. 2017) ("Like 'obstruct or unreasonably interfere,' the terms 'willfully resists or opposes' in § 43.170 RSMo are 'words of common understanding.' Section 43.170 RSMo is not unconstitutionally vague."); *United States v. Cook*, 782 F.3d 983, 989-90 (8th Cir. 2015) (holding that a statute that prohibited receiving "things of value" for sex trafficking was not constitutionally vague); *St. Croix Waterway Ass'n*, 178 F.3d at 520 (holding that a slow-no

wake regulation used ordinary words readily understood by person of ordinary intelligence and within context, was not constitutionally vague); *United States v. Ghane*, 673 F.3d 771, 777-78 (8th Cir. 2012) (the term "peaceful purposes," as narrowed by the statute's context, had a clear meaning); *Neely v. McDaniel*, 677 F.3d 346, 350 (8th Cir. 2012) (holding that an Arkansas statute that used the word "solicits" was not unconstitutionally vague because the word had an ordinary and usually accepted meaning).

A person of ordinary intelligence can understand what it means to currently and actively use a controlled substance not prescribed by a physician. The dictionary defines "active" as, among other things, "disposed to action," "engaged in an action or activity," "marked by present operation, transaction, movement, or use," Merriam-Webster's Collegiate Dictionary 13 (11th ed. 2003), and "[m]arked by energetic activity; busy," Am. Heritage Dictionary of the English Language 17 (4th ed. 2000); *see Neely*, 677 F.3d at 350 ("Recourse to additional sources like dictionaries or judicial opinions may provide sufficient warning.").

The Eighth Circuit has repeatedly found evidence sufficient to convict § 922(g)(3) defendants. *See, e.g.*, *United States v. Carnes*, 22 F.4th 743, 748 (8th Cir. 2022) (evidence sufficient where defendant admitted frequent marijuana use, officers could smell the odor of marijuana on defendant when he was arrested with a firearm, defendant was found in possession of marijuana on another occasion, and defendant tested positive for marijuana, cocaine, and PCP); *United States v. Mack*, 343 F.3d 929, 933-35 (8th Cir. 2003) (evidence sufficient where defendant possessed user quantity of marijuana at time of his arrest and arresting officers smelled marijuana, and one month earlier defendant had confronted witness about theft of his marijuana and fired gun in the air); *United States v. Oleson*, 310 F.3d 1085, 1090 (8th Cir. 2002) (evidence sufficient where user quantity of amphetamine found on table of defendant's residence (where he lived alone) and

testimony established defendant frequently used drugs with his customers); *United States v. McIntosh*, 23 F.3d 1454, 1458-59 (8th Cir. 1994).

Furthermore, courts of appeals routinely reject vagueness challenges to § 922(g)(3). *Bramer*, 832 F.3d at 909 (rejecting facial vagueness challenge where defendant admitted to being an unlawful user of marijuana); *United States v. Edwards*, 540 F.3d 1156, 1162 (10th Cir. 2008) (a jury found that Edwards was an unlawful user based on evidence that he was a habitual, heavy user of marijuana during the relevant time); *United States v. Patterson*, 431 F.3d 832, 836 (5th Cir. 2005) (finding that Patterson was an unlawful user because the Government seized marijuana, Patterson admitted to being a user for some time, Patterson doubted he could comply with a condition of release that required him not to use drugs, and he tested positive for marijuana); *Purdy*, 264 F.3d at 812 (finding that Purdy was an unlawful user because he used drugs on a regular basis for years and had smoked methamphetamine and marijuana contemporaneously with his possession of a firearm); *United States v. Edwards*, 182 F.3d 333, 336 (5th Cir. 1999) (statute constitutionally applied to daily user of marijuana); *United States v. Ocegueda*, 564 F.2d 1363, 1365 (9th Cir. 1977) (predecessor to § 922(g)(3) not unconstitutionally vague as applied to defendant). And at least one other judge in this district has rejected a similar vagueness challenge. *United States v. Waldo*, No. 19-03117-01-CR-S-RK, 2020 WL 2617134 (W.D. Mo. Jan. 22, 2020), *adopted by* 2020 WL 2616736 (May 22, 2020).

Under current Eighth Circuit law, Madden's motion must be denied.

### C. **Bruen *Does Not Change Binding Eighth Circuit Precedent As To The Meaning Of § 922(g)(3).***

Madden's motion does not cite or in any way address the Eighth Circuit's recent discussion of what the Government is required to prove for a violation of § 922(g)(3) in *Carnes*, which remains binding authority for this Court. *See Carnes*, 22 F.4th at 748-49; *see also Mader v.*

*United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (quotation omitted)). *Carnes* would only cease to bind this Court if "an intervening expression of the Supreme Court is inconsistent with those previous opinions." *Young v. Hayes*, 218 F.3d 850, 853 (8th Cir. 2000). *Bruen*, however, does not address the legality of any firearm possession statute, let alone the criminal prohibition at issue in this case. As such it is irrelevant to the statutory issue Madden seeks to create: the meaning of "unlawful user" in § 922(g)(3). This court remains bound by *Carnes* and its predecessors, and under those cases, there is no doubt Madden is guilty of this offense. *Cf. United States v. Sitladeen*, 64 F.4th 978, 987 (8th Cir. 2023) ("In sum, *Flores* is undisturbed by *Bruen*, and we therefore remain bound by it.").

Madden's attempt to use the *Bruen* decision to graft a statutory limiting construction onto § 922(g)(3) likewise fails. (D.E. 28, at 11-12.) Relevant to this motion, the Eighth Circuit has interpreted that statute in a manner that avoids any vagueness challenges, and *Bruen* does not mandate a change in that interpretation. Importantly, Madden does not challenge the statute on Second Amendment grounds. Rather, his use of *Bruen* is to impose a limiting construction that would re-write the statute by ignoring the import of the term "user" and is directly contrary to binding Eighth Circuit precedent.

Moreover, Madden chose not to bring a Second Amendment claim, and this Court should not create such a claim for him. He brought only a void for vagueness claim, and that claim fails.

D.   **The Factual Stipulation In Madden's Plea Agreement Presented Sufficient Evidence of Guilt Even After Rehaif.**

At the end of his motion, Madden references *Rehaif* as a ground for a judgment of acquittal. (D.E. 28, at 12.) While underdeveloped, it appears Madden claims the Government presented insufficient evidence of Madden's guilt given *Rehaif*'s requirement that a defendant only violates

11
Case 4:22-cr-00182-BCW   Document 34   Filed 05/24/23   Page 11 of 13

§ 922(g) if the defendant has knowledge of his prohibiting status. *See* 139 S.Ct. at 2020. Because Madden "admitted he is a habitual user of marijuana and smokes approximately 1-2 marijuana cigarettes a day and has routinely smoked marijuana since he was five years old" (Gov. Exh. 1, at 5-6), this Court was presented with more than sufficient evidence to find beyond a reasonable doubt that Madden knew he was an unlawful user of a controlled substance at the time he possessed the firearm he likewise admitted to possessing. *See, e.g.*, *United States v. Bowens*, 938 F.3d 790 (6th Cir. 2019) (holding "jury would surely have found defendants knew they were unlawful users of controlled substances" where "the defendants were arrested with marijuana, posted pictures of themselves using marijuana, commented about using marijuana, and posted a video of them smoking marijuana").

### III. Conclusion

For the reasons stated above, this Court should deny defendant Matthew E. Madden's motion for judgment of acquittal (D.E. 28).

Respectfully submitted,

Teresa A. Moore
United States Attorney

By /s/ Stefan C. Hughes

Stefan C. Hughes
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on May 24, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                               */s/ Stefan C. Hughes*
                                               Stefan C. Hughes
                                               Assistant United States Attorney